900

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY MURRAY, Appellant.—Judgment unanimously affirmed. No opinion. Concur—Botein, P. J., Breitel, Rabin, McNally and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES ALLEN, Appellant.— Order unanimously affirmed. No opinion. Concur—Botein, P. J., Breitel, Rabin, McNally and Bergan, JJ.

■ In the Matter of 225 EAST 70TH STREET CORP., Appellant, against ROBERT C. WEAVER, as State Rent Administrator, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, McNally and Bergan, JJ.

■ CHARLES G. FUQUA et al., Doing Business under the Name of UNIVERSAL ATTRACTIONS, Appellants, v. IVORY D. WATSON, Respondent, et al., Defendants.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, McNally and Bergan, JJ.

## (February 5, 1959)

■ PETER TALEVI, an Infant, by LENA TALEVI, His Guardian ad Litem, et al., Respondents, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Judgment in favor of plaintiffs reversed, the verdict in favor of plaintiffs vacated, on the law and on the facts, and a new trial ordered, with costs to appellant to abide the event. On this record the verdict in this personal injury negligence action is against the weight of the credible evidence. The accident was the result of horseplay among young boys at a recreational playground (*Blume* v. *City of Newburgh*, 291 N. Y. 739). Involved were impulsive acts, and it does not follow that the general supervision, concededly required of defendant, would have prevented the events which occurred. (See *Ohman* v. *Board of Educ.*, 300 N. Y. 306; cf. *Lopez* v. *City of New York*, 4 A D 2d 48, affd. 4 N Y 2d 738.) Thus, it does not appear, although it may not be said as a matter of law, that the alleged insufficiency of supervision during the morning in question was the proximate cause of the accident. And in the circumstances continuous direct supervision was hardly required. Moreover, had the younger boys, plaintiff and his playmate, been interested in obtaining assistance they could have accomplished this by the slight effort required in repairing to the recreation office, where the supervisor was at the time of and immediately preceding the accident. But, in any event, whether the snatching of the ball and the pursuit of the ball-snatcher would not have occurred if the supervisor were present in the immediate vicinity of the oval, should be more profoundly explored upon a new trial. Concur — Breitel, M. M. Frank, Valente and McNally, JJ.; Botein, P. J., dissents and votes to affirm.

■ PETER TALEVI, an Infant, by LENA TALEVI, His Guardian ad Litem, et al., Respondents, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Appeal unanimously dismissed as academic in view of the decision of this court in *Talevi* v. *Metropolitan Life Ins. Co.* (*ante*, p. 900). Concur — Botein, P. J., Breitel, M. M. Frank, Valente and McNally, JJ.

## (February 10, 1959)

■ In the Matter of the Estate of ROBERT PULVERMACHER, Deceased. PHYLLIS ALTMAN et al., Respondents; ESTHER FEINBERG, Individually and as Surviving Trustee under the Will of ROBERT PULVERMACHER, Deceased,